The order below is hereby signed.

Signed: October 28, 2005.



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
RONNIE A. LAWSON,              )   Case No. 05-01194
                               )   (Chapter 13)
              Debtor.          )

OPINION REGARDING DEBTOR'S MOTION TO DETERMINE IF AUTOMATIC STAY
   APPLIES TO CHEVY CHASE BANK, FSB AND DAVID PRENSKY, ESQ.
              REGARDING THE PROPERTY LOCATED AT
         1147 44TH PLACE, S.E., WASHINGTON, D.C. 20019

This opinion and order resolves the Debtor's Motion to Determine if Automatic Stay Applies to Chevy Chase Bank, FSB and David Prensky, Esq. Regarding the Property Located at 1147 44rh Place, S.E., Washington, D.C. 20019 (D.E. No. 9, filed Aug. 31, 2005) (the "Motion"). In his Motion, the Debtor asks this Court to hold that Chevy Chase Bank, FSB ("Chevy Chase") has violated the automatic stay of all actions commenced against property of the estate provided by 11 U.S.C. § 362 by foreclosing on and auctioning off certain real property owned by the debtor's wife without obtaining prior approval from this Court. The debtor requests that the Court void the foreclosure of the property in question and direct Chevy Chase and its agents to cease all

collection efforts with respect to the note secured by the foreclosed property.  For the reasons set forth below, the Court will deny the debtor's motion.

I

Chevy Chase is the holder of a note dated January 31, 2001, in the original principal sum of $150,234.00 (the "Note").  The sole maker of the Note is Lavita Bryant-Lawson, the wife of the debtor.  The debtor is neither a maker of the Note nor a guarantor of the obligation. (Opp. at Ex. A).

The Note was secured by a deed of trust dated January 31, 2001, and recorded on February 12, 2001, as the instrument numbered 2001012938 (the "Deed of Trust").  (Opp. at Ex. B).  The Deed of Trust was filed against the real property situated in the District of Columbia described for assessment and taxation purposes as Lot 802 in Square 5361, improved by the premises known as 1147 44th Place, S.E., Washington, D.C. 20019 (the "Property").  The Property is, and at all relevant times heretofore was, titled solely in the name of Lavita Bryant-Lawson.  (Opp. at Ex. C).  The Deed of Trust conveys both Ms. Bryant-Lawson's interest and the inchoate dower interest of the debtor.  (Opp. at Ex. B).

Ms. Bryant-Lawson filed for bankruptcy protection under chapter 13 of the Bankruptcy Court in this Court on June 29, 2004.  See generally In re Bryant-Lawson, Case No. 04-01017

2

(Bankr. D.D.C.).  Ms. Bryant-Lawson's bankruptcy filing forestalled pending foreclosure proceedings on the Property initiated by Chevy Chase due to her default on the Note. Subsequently, Chevy Chase and Ms. Bryant-Lawson entered into an amended agreement whereby Ms. Bryan-Lawson was required to make regular monthly payments under the Note and cure her post-petition default through additional installments over a period of six months.  The agreement was memorialized in this Court's Order Modifying Automatic Stay by Consent on January 5, 2005 (D.E. No. 34 in Case No. 04-01017) (the "Consent Order").

After Ms. Bryant-Lawson failed to cure her second default under the terms of the Consent Order, Chevy Chase issued a Notice of Termination of Automatic Stay on July 5, 2005 (D.E. No. 39 in Case No. 04-01017) (the "Notice of Termination").  Ms. Bryant-Lawson did not file an opposition to or motion for relief from the Notice of Termination.  Chevy Chase sold the Property through a public auction on August 16, 2005.  (Opp. at Ex. H).  The purchasers of the Property have not yet settled on the sale due to the instant dispute.

On August 15, 2005 – one day before the auction of the Property – the debtor filed his bankruptcy petition in this Court.  (D.E. No. 1).  The debtor contends that his bankruptcy filing voids the sale of the Property under section 362 of the Bankruptcy Code because any foreclosure on the Property is an

action against property of the estate.  The debtor has filed this motion in an attempt to enforce this supposed right.

II

The debtor argues that Chevy Chase's foreclosure and sale of the Property violated section 362 of the Bankruptcy Code.  That section provides in pertinent part that "a petition filed under . . . this title . . . operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . ."  11 U.S.C. § 362(a)(3).  "[P]roperty of the estate" includes all legal and equitable interests of the debtor in property as of the petition date.  11 U.S.C. § 541(a).  The debtor argues that he held an inchoate dower interest in the Property on the petition date and that he held a possessory interest in the Property by virtue of residing there, and claims that these interests suffice under § 362(a)(3) to bar foreclosure and sale of the Property.  (Mot. at ¶¶ 24, 30).  Both assertions are wrong.

First, while the Deed of Trust reflects the dower interest that the debtor once possessed in the Property, that interest was extinguished by the District of Columbia legislature on April 27, 2001.  See D.C. CODE § 19-102 ("The estates of dower and curtesy are abolished.").  Thus, the debtor has no interest whatsoever in the title of the Property.  Nor does the debtor have any

4

possessory interest – even as a tenant at will or at sufferance – in the Property simply because he was living and continues to live there.  See D.C. CODE § 45-222 ("An estate at will . . . shall not exist or be created except by express contract . . . .");[1] Jackson v. U.S., 357 A.2d 409, 410 (D.C. 1976) (person occupying apartment rent-free and at owner's indulgence was not a "tenant at sufferance" because his occupancy was not procured in exchange for formal consideration); Smith v. Town Center Mgmt. Corp., 329 A.2d 779, 779-80 (D.C. 1974) (absent contractual relationship, person residing on property owned by another is merely a "permissive user or licensee," not a tenant of the property).[2]

The debtor had no rights in the Property rising to the level of a legal or equitable interest accorded protection by the law: he fares no better than would a luncheon guest who happened to be on the premises at the time of the foreclosure sale.  Had Ms.

---

[1] Chevy Chase's assertion that the debtor was a tenant at will pre- and post-foreclosure is incorrect. (Opp. at 11).  As the grantor of the mortgage, Ms. Bryant-Lawson is considered a tenant at will upon the conveyance of the Property.  See D.C. CODE § 45-222.  But Mr. Lawson was a grantor of the mortgage only with respect to his dower interest. (Opp. at Ex. B).  Once his dower interest evaporated, Mr. Lawson had nothing to mortgage with respect to the Property.

[2] The debtor does not possess a one-half interest in the Property as a tenant in the entirety because the Property was not conveyed jointly to Ms. Bryant-Lawson and the debtor.  See Daniel v. Wright, 352 F. Supp. 1, 3 n.6 (D.D.C. 1972).  Rather, the Property was conveyed entirely to Ms. Bryant-Lawson.

Bryant-Lawson conveyed any interest – even a leasehold – to the debtor, he might have been able to assert the protections of the automatic stay based on his possessory interest in the Property. See <u>48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse, Inc.)</u>, 835 F.2d 427, 431 (2d Cir. 1987) (even "a mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger the protection of the automatic stay").[3]  But the debtor has submitted no evidence suggesting such a transfer, leaving the Court to conclude that he lived on the Property solely at Ms. Bryant-Lawson's discretion.  Consequently, the debtor's "rights" to the Property as a guest of Ms. Bryant-Lawson are in reality not his at all, but rather belong to Ms. Bryant-Lawson.[4]

Because the debtor has no possessory interest in the Property, the foreclosure of the Property does not affect property of the estate in any way.  The debtor's motion will be denied.  An order follows.

[Signed and dated above.]

---

[3] <u>But</u> <u>see</u> <u>Roslyn Savings Bank v. Comcoach Corp. (In re Comcoach Corp.)</u>, 698 F.2d 571, 574 (2d Cir. 1983) (so long as lessee was not named party in foreclosure proceeding, her rights were not affected by foreclosure and the foreclosure would not be stayed by section 362).

[4] A voluntary conveyance of the Property by Ms. Bryant-Lawson would not have violated any rights of the debtor.  Similarly, an involuntary conveyance of the Property by Chevy Chase violated no rights of the debtor.

Copies to: Counsel for the debtor; counsel for Chevy Chase; chapter 13 trustee.

O:\Andrew\Fausett\Lawson_stay foreclosure.wpd